25-142-cv
*Deshpande v. Collins*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand twenty-six.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> DENNIS JACOBS,
> BETH ROBINSON,
> > *Circuit Judges.*

─────────────────────────────────────

Satish K. Deshpande, M.D.,

> *Plaintiff-Appellant,*

> v.                                                          25-142

Douglas A. Collins, Secretary of the U.S. Department of Veterans Affairs,

> *Defendant-Appellee.*

─────────────────────────────────────

FOR PLAINTIFF-APPELLANT:                    SATISH K. DESHPANDE, pro
                                            se, Scarsdale, NY.


FOR DEFENDANT-APPELLEE:                     MARK OSMOND, Benjamin
                                            H. Torrance, Assistant
                                            United States Attorneys,
                                            *for* Jay Clayton, United
                                            States Attorney for the
                                            Southern District of New
                                            York, New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (McCarthy, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Satish K. Deshpande, proceeding pro se, appeals from the district court's grant of summary judgment in favor of Denis R. McDonough, Secretary for the Department of Veteran Affairs ("VA"), in Deshpande's Title VII retaliation action.   Deshpande alleged that he was not hired as a physician at a VA hospital in retaliation for previously filing discrimination cases against his former employers.   The district court granted the Secretary's motion for summary judgment, concluding that Deshpande failed to establish a *prima facie* case of retaliation, and that, in any event, the Secretary articulated a legitimate, non-retaliatory reason for Deshpande's non-selection and Deshpande failed

2

to put forth sufficient evidence to demonstrate that this reason was pretextual. *Deshpande v. McDonough*, 22 Civ. 8097 (JCM), 2024 WL 5226856 (S.D.N.Y. Dec. 26, 2024). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's grant of summary judgment after construing all evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Sotomayor v. City of N.Y.*, 713 F.3d 163, 164 (2d Cir. 2013) (per curiam). "Summary judgment is appropriate only when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "We liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (citation modified).

Under Title VII, "[a]ll personnel actions" by federal employers must "be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). We have assumed without deciding, and the Secretary assumes here, "that Congress extended Title VII's prohibition on retaliation to the federal sector." *Mathirampuzha v. Potter*, 548 F.3d 70, 74 n.3 (2d Cir. 2008).

3

"Retaliation claims under Title VII are evaluated under a three-step burden-shifting analysis." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (citation modified); *see also Mathirampuzha*, 548 F.3d at 78 (applying *McDonnell Douglas* burden-shifting to federal employer Title VII claim). "First, the plaintiff must establish a *prima facie* case of retaliation by showing: (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks*, 593 F.3d at 164 (citation modified). "Once a *prima facie* case of retaliation is established, the burden of production shifts to the employer to demonstrate that a legitimate, nondiscriminatory reason existed for its action." *Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013) (citation modified). "If the employer demonstrates a legitimate, non-discriminatory reason, then the burden shifts back to the plaintiff to establish, through either direct or circumstantial evidence, that the employer's action was, in fact, motivated by discriminatory retaliation." *Id.* (citation modified).

For substantially the reasons identified by the district court, we affirm. Even assuming *arguendo* that Deshpande established a *prima facie* case of retaliation, the district court was correct that the Secretary demonstrated a legitimate, non-retaliatory reason for Deshpande's non-selection, and that Deshpande failed to offer evidence that would

4

permit a rational factfinder to conclude that this reason was pretextual.

First, the district court properly concluded that the Secretary articulated a legitimate, non-retaliatory reason for Deshpande's non-selection, namely his history of malpractice claims. Dr. Benninger and Dr. Malina both testified that Deshpande was not hired because of his history of seven malpractice claims. Dr. Malina further testified that she had never hired a physician with a comparable claims history.

Second, the district court properly concluded that Deshpande failed to rebut this legitimate and non-retaliatory reason. At the third step of the burden-shifting framework, "the plaintiff must point to evidence that would be sufficient to permit a rational factfinder to conclude that the employer's explanation is merely a pretext for impermissible retaliation." *Cifra v. G.E. Co.*, 252 F.3d 205, 216 (2d Cir. 2001). Here, Deshpande did not dispute his history of malpractice claims. Nor did he offer any evidence to genuinely dispute Dr. Malina's testimony that she had never hired someone with a similar history of malpractice claims, or the evidence that the other doctors hired for the position to which he applied did not have a comparable history of malpractice claims. In sum, Deshpande failed to point to evidence that would permit a rational factfinder to conclude that his malpractice claims history was a pretext for retaliation.

We have considered all of Deshpande's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court